**Order entered January 9, 2023**



**In The**

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-22-00961-CR**

**EX PARTE SHANIAYA JARVIS**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 111585-86**

## ORDER

Appellant is appealing the trial court's order denying relief on her pretrial application for writ of habeas corpus seeking a reduction in her bond. Appellant's brief was due on November 2, 2022. On November 4, 2022, after appellant failed to file a timely brief, the Clerk of the Court notified appellant that the time for filing appellant's brief had expired and directed appellant to file the brief and an extension motion within ten days.

On November 8, 2022, appellant's counsel filed a motion to withdraw the appeal signed only by counsel. By order entered November 15, 2022, the Court denied the motion to dismiss for noncompliance with rule 42.2(a). *See* TEX. R. APP.

P. 42.2(a) (requiring both counsel and the appellant to sign a motion to dismiss an appeal). The Court ordered appellant to file an amended motion to dismiss, signed by both counsel and appellant, within fourteen days of the date of the order. To date, appellant has neither filed an amended motion nor communicated with the Court.

We **ORDER** the trial court to conduct a hearing to determine the status of this appeal. The trial court shall make appropriate findings and recommendations and determine whether subsequent developments in the case have rendered the appeal moot, whether appellant desires to prosecute the appeal, why appellant's brief has not been filed, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

We **DIRECT** the Clerk to transmit a copy of this order to the Honorable Casey Blair, Presiding Judge, 86th Judicial District Court; and to counsel for the parties.

/s/    BONNIE LEE GOLDSTEIN
        JUSTICE